Filed 8/31/15  P. v. Miller CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARCUS MILLER,<br><br>    Defendant and Appellant. | D066489<br><br><br><br>(Super. Ct. No. SCN312188) |

APPEAL from a judgment of the Superior Court of San Diego County, Harry M. Elias, Judge.  Affirmed.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

After a court trial, Marcus Miller was convicted of various sexual crimes against an eight-year-old girl, including sodomy, digital/vaginal penetration, oral copulation and

forcible lewd acts.  Miller was sentenced to a total prison term of 41 years to life and ordered to pay restitution, fines and court fees.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  After having independently reviewed the entire record for error, as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende,* we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On November 16, 2011, eight-year-old V.J. was walking home from school when Marcus Miller and his younger brother stopped her.  Miller led V.J. up a hill to a secluded spot while his brother stayed behind.  Miller pulled down V.J.'s underwear and removed his own pants.  He opened a lotion packet and spread lotion on his penis and V.J.'s bottom and vaginal areas.  Miller performed various sex acts on V.J.  He also grabbed her by the hair, pushed her head down and put his penis in her mouth.  Miller gave some money to V.J. and told her not to tell anyone.

V.J. was more than an hour and a half late coming home from school.  Her very worried father demanded to know where she had been.  At first V.J. lied to him but then told him what had happened.  V.J.'s mother contacted the police.  V.J. led a police officer and her parents to the location where Miller had sexually assaulted her.  The officer recovered the empty lotion packet from the bushes.

V.J. underwent a physical examination and a forensic interview at Palomar Forensic Health.  She reported pain and blood when urinating, and anal pain.  There was

2

a small abrasion and some generalized redness in her genital area, and punctate wounds on the left side of the external anal area. There was sperm on the inside crotch of V.J.'s panties, which was later determined to match Miller's profile with a statistical frequency of one in 3.2 sextillion.

Catherine McLennan interviewed V.J. The interview was videotaped. V.J. described the November 16 incident and used anatomical drawings and dolls to show where Miller had touched her with his penis and hands. V.J. said Miller put his penis in her butt. She cried for help because "it hurted." It felt like glass. Miller put his hands over her nose so she could not breathe. He did the same things to her on another occasion "like, [], two or three months [] weeks or days" earlier.

The People charged Miller with two counts of sodomy upon a child 10 years of age or younger (counts 1 and 2), one count of sexual intercourse with a child 10 years of age or younger (count 3), two counts of oral copulation/sexual penetration upon a child 10 years of age or younger (counts 4 and 5), and six counts of committing a forcible lewd act upon a child under the age of 14 years (counts 6 through 11). After completing a jury waiver form and consulting with his attorney, Miller waived his right to a jury trial.

The trial took place on September 23 and 24, 2013. Testifying witnesses included V.J., her mother and father, police officers, forensic professionals, and McLennan. Over the defendant's objection, the court admitted the tape of McLennan's interview with V.J. into evidence under Evidence Code section 1360. Miller did not present any affirmative evidence.

3

The trial court found that Miller was guilty as charged on counts 2, 4, 5, 7, 8, 9, and 11.  It acquitted Miller on count 1, finding the evidence of penile/vaginal penetration was not clear, and on the counts related to alleged sexual crimes on a date earlier than November 16, stating the evidence was not clear beyond a reasonable doubt the incidents occurred within the time frame alleged in the information.

On January 27, 2014, the trial court appointed the alternate public defender to investigate whether there were grounds for a new trial motion based on ineffective assistance of counsel.  On August 14, no new trial motion having been filed, the court sentenced Miller to concurrent sentences of 25 years to life on count 2, and 15 years to life each on count 4 and count 5.  The court imposed concurrent eight-year sentences on count 7 and count 8, and concurrent eight-year sentences on count 9 and count 11, to run consecutively for a total of 16 years, and consecutively to count 2, for a total of 41 years to life.  The court imposed a $10,000 restitution fine, a second $10,000 restitution fine, suspended, actual restitution and the following fees:  $280 court security fee, $210 critical needs fee, $154 criminal administration fee and $300 sexual offender registration fee.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court.  Counsel has presented no argument for reversal, and invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436.  Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

4

1.  Whether the trial court did not properly advise defendant of his constitutional right to a jury trial, instead relying on written advisements to determine that the defendant expressly, personally, unambiguously, knowingly and intelligently waived his right to be tried by a jury.

2.  Whether the trial court prejudicially erred by admitting and considering the child's out of court statements, including the videotaped forensic interview, without making express findings as required under Evidence Code section 1360.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue.  We granted Miller permission to file a brief on his own behalf.  At his request, we extended time to file a brief for 30 days.  He has not filed a brief.  Miller has been represented by competent counsel on this appeal.

## DISPOSITION

The judgment is affirmed.


BENKE, Acting P. J.

WE CONCUR:


O'ROURKE, J.


AARON, J.